UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GABRIEL MULLINS, | ) | 1:06-cv-01045-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S MOTION |
| | ) | FOR SCHEDULING ORDER AND |
| v. | ) | EXPEDITED REVIEW (Doc. 5) |
| | ) | |
| JEFF WRIGLEY, Warden, | ) | ORDER REQUIRING RESPONDENT TO FILE |
| | ) | A RESPONSE |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

On August 10, 2006, petitioner filed a petition for writ of habeas corpus. (Doc. 1). Petitioner alleges that, as an inmate at the Taft Correction Institution, the Bureau of Prisons ("BOP") has refused to assess petitioner pursuant to 18 U.S.C. § 3621(b), to determine if he is eligible for six months of pre-release placement at a Community Corrections Center ("CCC"). (Doc. 1, p. 1). Petitioner alleges that the BOP's failure to provide such an assessment is in violation of federal law, i.e., § 3621(b). (Id.). Petitioner seeks an order from this Court that BOP be required to immediately assess Petitioner's eligibility for CCC pursuant to § 3621(b). (Id.).

On November 1, 2006, petitioner filed a Motion for Scheduling Order and for Expedited Review. (Doc. 5). In that motion, petitioner alleges that, should the court adopt his interpretation of § 3621(b), he would be eligible for release to the CCC as of July 9, 2007. (Id. at p. 1). Petitioner

1

1  also contends that, because this precise issues was addressed by this Court in <u>Horn v. Ellis</u>, 1:06-cv-
2  00006-OWW-TAG, Respondents "need minimal time to refine their previous arguments, if any."
3  (<u>Id.</u> at p. 2).  Petitioner also argues that there "are no transcripts or documents relevant to the courts
4  [sic] determination in this matter.  This is purely a legal issue.  The Petitioner only ask [sic] that the
5  court order BOP to conduct an assessment under 18 U.S.C. § 3621(b)."  (<u>Id.</u>).  Respondents have
6  filed no opposition to petitioner's motion.

## DISCUSSION

8  Writ of habeas corpus relief extends to a person in custody under the authority of the United
9  States.  <u>See</u> 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or
10 constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C.
11 § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must
12 bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  <u>Capaldi v. Pontesso</u>, 135 F.3d
13 1122, 1123 (6th Cir. 1998);  <u>United States v. Tubwell</u>, 37 F.3d 175, 177 (5th Cir. 1994); <u>Kingsley v.
14 Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); <u>United States v. Jalili</u>, 925 F.2d 889, 893-94
15 (6th Cir. 1991); <u>Barden v. Keohane</u>, 921 F.2d 476, 478-79 (3rd Cir. 1991); <u>United States v.
16 Hutchings</u>, 835 F.2d 185, 186-87 (8th Cir. 1987); <u>Brown v. United States</u>, 610 F.2d 672, 677
17 (9th Cir. 1990).
18  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his
19 sentence is being executed in an illegal, but not necessarily unconstitutional, manor.  <u>See, e.g., Clark
20 v. Floyd</u>, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be
21 credited toward federal custody);  <u>Jalili</u>, 925 F.2d at 893-94 (asserting petitioner should be housed at
22 a community treatment center);  <u>Barden</u>, 921 F.2d at 479 (arguing Bureau of Prisons erred in
23 determining whether petitioner could receive credit for time spent in state custody); <u>Tubwell</u>,
24 37 F.3d 175 (alleging error in parol revocation); <u>Hutchings</u>, 835 F.2d at185-86 (claiming Board of
25 Parole mistakenly denied petitioner's release); <u>Brown</u>, 610 F.2d at 677 (challenging content of
26 inaccurate pre-sentence report used to deny parol).  A petitioner filing a petition for writ of habeas
27 ///
28

corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. <u>Hutchings</u>, 835 F.2d at187; <u>Brown</u>, 610 F.2d at 677.

In this case, petitioner is alleging that the BOP has failed to properly apply 18 U.S.C. § 3621(b), thereby illegally limiting the amount of time petitioner may be placed in a CCC facility. Petitioner is thus challenging the execution of his sentence rather than the imposition of that sentence. Therefore, his petition is proper under 28 U.S.C. § 2241. In addition, because petitioner is currently incarcerated at Taft Correctional Facility, and Taft Correctional Facility is within the Eastern District of California, Fresno Division, this court has jurisdiction to proceed to the merits of the petition.

Because petitioner may be entitled to the requested relief if the claimed violations of rights are proved, and because the court finds that GOOD CAUSE exists for granting the Motion for Scheduling Order and Expedited Review, respondent is ORDERED to file a response within fifteen (15) days of the date of service of this order. <u>See</u> 28 U.S.C. § 2243; <u>cf</u>. Rule 4 of the Rules Governing Section 2254 Cases. Respondent shall include with the response any and all transcripts or other documents relevant to the determination of the issues presented in the petition.

**ORDER**

Accordingly, the Court ORDERS that:

1. Petitioner's Motion for Scheduling Order and Expedited Review (Doc. 5), is GRANTED to the extent that the court will reduce the period of time for respondent to file his response from forty-five days to fifteen days;

2. Respondent SHALL file a response to the petition within fifteen (15) days of the date of service of this order and shall include with that response any and all documents relevant to the determination of the issues presented in the petition;

3. Petitioner's traverse, if any, is due on or before seven (7) days from the date respondent's response is filed; and,

///

///

1  4. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's petition, along with all exhibits, on the United States Attorney for the Eastern District of California or his representative, an agent for the Taft Correctional Institution, and the United States Bureau of Prisons.

IT IS SO ORDERED.

Dated:   **November 7, 2006**                                      **/s/ Theresa A. Goldner**
**j6eb3d**                                                         UNITED STATES MAGISTRATE JUDGE