# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MULLINS,<br><br>　　　　　Petitioner,<br><br>v.<br><br>JEFF WRIGLEY,<br><br>　　　　　Respondent. | 1:06-cv-01045-OWW-TAG HC<br><br>REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 7)<br><br>ORDER DENYING MOTION TO STRIKE AND MOTION FOR JUDGMENT (Doc. 8) |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**FACTUAL AND PROCEDURAL HISTORY**

The instant petition was filed on August 10, 2006. (Doc. 1). The petition contends that Petitioner is in the custody of the Bureau of Prisons ("BOP") but that the BOP "by regulation refuses to assess him under 18 U.S.C. § 3621(b) to determine if he is eligible for six months of pre-release placement at a Community Corrections Center...." (Doc. 1, p. 1).[1] Petitioner contends that, by regulation, the BOP "does not grant more than 10% of an overall term of imprisonment to be served in a CCC even though Federal law allows BOP to designate inmates to CCC facilities for a period of up to six months." (Id. at p. 2). Petitioner seeks an order from the Court directed to BOP that Respondent "immediately in good faith" assess Petitioner "based upon the criteria in 18 U.S.C. § 3621(b), without reference to BOP policy promulgated in December 2002 and without reference to

---

[1] Originally, these centers were called Community Corrections Centers ("CCC's"), the term Petitioner uses in his petition. However, these centers are now called "residential re-entry centers" or "RRC's." Therefore, the Court will refer to them as RRC's.

28 C.F.R. § 570.21 to determine Petitioner's duration of placement in a pre-release CCC." (Id. at p. 3).

On November 15, 2006, Respondent filed the instant motion to dismiss, alleging that Respondent had conducted a re-evaluation of Petitioner's release date to RRC, without reference to the challenged regulations, that the relief Petitioner had requested had been afforded to him, and therefore the petition was now moot. (Doc. 4, p. 2). Respondent states, "The BOP has evaluated petitioner 'without reference to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community Corrections Policies.'" (Id.). As a result of this evaluation, the BOP determined Petitioner is to spend "30-60 days in a Residential Re-entry Center before his release." (Id.). In the motion to dismiss, Respondent has provided a copy of the completed Department of Justice form memorandum addressed to "(Community Corrections Manager) Mr. Loren Chiechi, " i.e., an institutional referral for CCC placement. (Doc. 7, Exh. 3, p. 2). According to the form, Petitioner was evaluated on October 19, 2006. (Id.).[2] On November 29, 2006, Petitioner filed his response in opposition to the motion to dismiss. (Doc. 8). Within his response, Petitioner also includes a motion to strike the exhibits submitted with Respondent's motion to dismiss and a Motion for Judgment as a Matter of Law to order his immediate release to a RRC facility. (Id.).

---

[2] Petitioner objects to the exhibits attached to Respondent's motion to dismiss, contending that they were not part of the record and that their admission would violate Local Rule 43-140 of this Court, in that the authenticity of the documents has not been established by an accompanying affidavit. (Doc. 8, p. 2). Petitioner asks the Court to exclude these documents. (Id.). Petitioner is correct in his observation that Respondent's documents were not accompanied by an affidavit, but wrong in his evidentiary conclusion that this omission requires exclusion of the documents from the Court's consideration. Rule 7(a) of the Rules Governing Section 2254 Cases expressly provides that, in permitting the record to be expanded in a habeas case, the Court "may" require that the materials be authenticated. The rule, therefore, by its express wording, is not mandatory but permissive. Subsection (b) of that same rule permits the habeas court to consider a wide variety of materials in ruling on habeas matters. Subsection (c) requires that the Court give the party against whom the "additional materials are offered the opportunity to admit or deny their correctness."
  Here, the only document among the four attached exhibits to the motion to dismiss to which the Court has referred in this order is Exhibit 3, the Department of Justice form signed by Respondent attesting to the re-assessment that was conducted of Petitioner's case on October 19, 2006. Petitioner has included a copy of the same document as an exhibit to his own response to the motion to dismiss. (Doc. 8, Attach. 4). The Court concludes therefore that Petitioner is not challenging the "correctness" of the document; rather, he is merely raising a technical evidentiary objection to its admission based on inadequate foundation. Under Rule 7, as discussed above, the Court rejects that objection and expands the record to include the documents appended to Respondent's motion to dismiss as well as those documents submitted by Petitioner in his response. Rule 7 of the Rules Governing Section 2254 Cases. Accordingly, Petitioner's Motion to Strike is denied.

## JURISDICTION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-894 (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

In this case, Petitioner alleges that BOP's policy limiting placement in an RRC to ten percent of his sentence violates federal law. Petitioner is challenging the legality of the manner in which his sentence is being executed. Thus, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is incarcerated at the Taft Correctional Institution, Taft, California, which is within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the petition.

## EXHAUSTION

A preliminary question is whether petitioner has exhausted available administrative remedies. Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.3d 570,

571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

The exhaustion prerequisite for filing a § 2241 petition is judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55 (1995). Thus, "[b]ecause exhaustion is not required by statute, it is not jurisdictional." Brown, 895 F.2d at 535. If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.; McCarthy v. Madigan, 503 U.S. 140, 144-145 (1992), superceded on other grounds, 42 U.S.C. §1997(e).

One of the purposes of administrative exhaustion is to allow the agency an opportunity to remedy its own mistakes before being haled into court, and this applies with particular force when the challenged action involves an exercise of the agency's discretionary power. McCarthy v. Madigan, 503 U.S. at 144-146. Thus, exhaustion of administrative remedies would be futile and should be excused if the agency lacks authority to grant the requested relief or has predetermined the issued before it. Id. at 148.

Here, Petitioner has not indicated that he has undertaken any efforts to exhaust his administrative remedies. Respondent has not raised the issue. As mentioned, however, futility is an exception to the exhaustion requirement. Laing v. Ashcroft, 370 F.3d 994, 1000-1001 (9th Cir. 2004). In the instant action, it is apparent that it would be futile for Petitioner to exhaust his administrative remedies because he alleges he is being denied a RRC placement prior to the last ten percent of his prison sentence based on formally-adopted BOP regulations, the validity of which BOP strenuously maintains. In the Court's view, therefore, Petitioner's exhaustion of his administrative remedies is not a pre-requisite to the district court's jurisdiction over the case because of the BOP's intractable and immutable policy against the relief sought.

## DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70

1  (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A
2  case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally
3  cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The Federal court
4  is "without power to decide questions that cannot affect the rights of the litigants before them."
5  North Carolina v. Rice, 404 U.S. 244, 246 (1971) per curiam.

6       Here, the instant petition requested an order from this Court directed to the Bureau of Prisons
7  requiring it "to immediately in good faith, assess Petitioner...based upon the criteria in 18 U.S.C.
8  § 3621(b), without reference to BOP policy promulgated in December 2002 and without reference to
9  28 C.F.R. § 570.12 to determine Petitioner's duration of placement in pre-release CCC."  (Doc. 1, p.
10 3).  This appears to be precisely the relief provided by Respondent in its re-evaluation conducted on
11 October 19, 2006.  (Doc. 7, Exh. 3, p. 2).  Accordingly, the petition is moot.

12       Petitioner has filed several documents raising his objections to the motion to dismiss.  (Docs.
13 8, 10).  Petitioner first objects to the actual result, which he contends is a RRC placement date that is
14 within ten days of the original placement date.  (Doc. 8, p. 3).  Petitioner also objects to the
15 Respondent's failure to discuss the five factors listed in 18 U.S.C. § 3621(b), concluding that this
16 omission shows that the re-assessment was conducted in bad faith.  (Id.).  Petitioner also argues that
17 the only reason the Ninth Circuit has not ruled on this issue is because Respondent has not appealed,
18 again implying bad faith on Respondent's part.  (Id. at p. 4).  Petitioner attaches documents that he
19 asserts show that the re-assessment was not conducted in good faith, specifically, documents from
20 Respondent that indicate that Respondent feels he is limited in any award of RRC placement until
21 the Ninth Circuit holds that the prior regulations actually are illegal.  (Id. at p. 4).  Finally, Petitioner
22 argues that he needs as much RRC placement as possible to save money to provide for his children.
23 (Id. at p. 5).

24       Petitioner's objections are without merit.  First, § 3621(b) specifies the criteria to be
25 considered, but does not specify the weight to be given to each factor, nor does it require that
26 Respondent provide a written explanation of how the statutory factors were applied in arriving at the
27 final determination.  The fact that Petitioner may have had an exemplary prison history, that he has
28 legal obligations to his children, or that he will have pressing financial needs once he is released, are

not, by themselves, determinative of any particular result.  Rather, *all* of the factors must be considered.  Petitioner has not established that Respondent did not consider all of the statutory factors in reaching his conclusion.

Next, it is undisputed that the Ninth Circuit has not addressed this issue.  However, this Court follows the earlier decision of this Court in <u>Horn v. Ellis</u>, No. 06 CV-F-0006 OWW TAG HC, 2006 WL 1071959 (E.D. Cal. April 21, 2006), which would in all likelihood have resulted in granting Petitioner the relief he requested should the matter have been heard on its merits.  However, as discussed herein, Petitioner has already been granted the relief he requested by Respondent, thus making his petition moot.  Therefore, the existence, or non-existence, of Ninth Circuit precedent on this issue, or the reasons therefore, are irrelevant at this point in the proceedings.

Petitioner's claim that the documents he has submitted with his reply establish that the re-assessment was conducted in bad faith must also be rejected.  Those documents relate to various interactions between Petitioner and Respondent's agents and employees at various times during Petitioner's incarceration.   Petitioner argues that Respondent's unwillingness to provide more than 10% RRC placement can be inferred from the documents.  For example, Petitioner includes letters from Respondent Wrigley, dated April 18, 2006, and May 31, 2006, in which Respondent indicates, in the earlier letter, that RRC placement is limited to 10% of an inmate's sentence and, in the latter letter, that Respondent had not received any "change directives relating to the Community Corrections Center policy and procedures." (Doc. 8, Exhs. 2 & 3).  Petitioner would apparently have this Court infer from these documents that Respondent is unwilling to conduct a fair re-assessment of his RRC placement.

Such documents, however, merely establish what is already undisputed: that prior to <u>Horn v. Ellis</u>, decided in April 2006 but never adopted as a final judgment by the district judge, Respondent followed BOP policy as outlined in the 2002 and 2005 regulations, but that *subsequent to* <u>Horn v. Ellis</u>, which signaled that this Court agreed with the various circuit courts that have already found the BOP regulations unlawful, petitions for writs of habeas corpus would likely be granted in this District if based on this particular issue.   It appears that Respondent received this signal from the Court; indeed, Petitioner's own re-assessment is confirmation of that fact.  Accordingly, Petitioner's

1  documents do not prove that the re-assessment conducted on October 19, 2006 was conducted in bad
2  faith, but merely that it was conducted after this Court had indicated its view that the prior
3  regulations should not be followed.
4       Finally, Petitioner's complaint that the result of the re-assessment was nearly identical to the
5  original assessment misses the point.  The petition challenged the *process* by which the assessment
6  had originally been made, and sought a re-assessment made without reference to the BOP's
7  December 2002 policy or 28 C.F.R. § 570.21.  (Doc. 1, p. 3).  The petition did not seek a specific
8  outcome for that re-assessment.  Petitioner has been afforded the re-assessment he sought.  That
9  Petitioner is not satisfied with the result of that re-assessment is irrelevant so long as the re-
10 assessment itself was conducted in compliance with the parameters set forth in Horn v. Ellis.
11 Nothing in this record suggests that such is not the case.  There is nothing further this Court can do.
12 Accordingly, the Petition is now moot and should be dismissed.  Since the petition should be
13 dismissed, there is no legal basis for Petitioner's Motion for Judgment as a Matter of Law and the
14 Court denies that motion.

15                                       **ORDER**
16      For GOOD CAUSE, the Court HEREBY ORDERS as follows:
17      1.  Petitioner's Motion to Strike (Doc. 8), is DENIED; and,
18      2.  Petitioner's Motion for Judgment as a Matter of Law (Doc. 8), is DENIED.
19                              **RECOMMENDATION**
20      Accordingly, the Court RECOMMENDS as follows:
21      1. Respondent's Motion to Dismiss (Doc. 7), be GRANTED;
22      2. The Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as moot; and
23      3. The Clerk of Court be DIRECTED to enter judgment.
24      This Report and Recommendation is submitted to the Honorable Oliver W. Wanger, the
25 Senior United States District Court Judge assigned to this case, pursuant to the provisions of
26 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
27 District Court, Eastern District of California.  Within twenty (20) days after being served with a
28 copy, any party may file written objections with the Court and serve a copy on all parties.  Such a

1  document should be captioned "Objections to Magistrate Judge's Report and Recommendation."
2  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if
3  served by mail) after service of the objections.  The District Judge will then review the Magistrate
4  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
5  objections within the specified time may waive the right to appeal the District Judge's order.
6  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8  IT IS SO ORDERED.
9  Dated:   **April 17, 2007**                                    **/s/ Theresa A. Goldner**
                                                                    UNITED STATES MAGISTRATE JUDGE